**PETITION OF CURTIS JACOBS**, Assignee of Sylvester Cannon, for the division of the land and tenements of Isaac Cannon.

Orphans' Court.   Sussex.   March 8, 1820.

*Ridgely's Notebook III, 42.*

THE CHANCELLOR. For so much of the tract of land called "Bite the Biter" as is included in the part assigned to Curtis Jacobs, and to which Curtis Jacobs has a title paramount [to] that of Isaac Cannon deceased, the division is unequal. It appears from the testimony of William Neal that there are fifteen or twenty acres of this land. This part of "Bite the Biter" fell into the possession of Isaac Cannon by his being guardian of Daniel Adams. He changed the fences for his own convenience and left them so at his death. Daniel Adams never disturbed this holding. The widow of Isaac Cannon being his mother by a former husband, and he being willing to accommodate her, he afterwards agreed for the sale of this land to Curtis Jacobs, for which Jacobs has paid him. In this respect then the division is unequal, the other heirs having received an equivalent for these fifteen or twenty acres which never were owned by the intestate, Isaac Cannon.

As to the parcel of land which Jacobs claims as part of "Sam's Horsey's Swamp," as part of "Little Gosher," it does not belong to Curtis Jacobs to object, although he claims such parcel by the deed of William Laws and wife. It lies in the part assigned to Noah Ross and wife, and it might be an objection in his mouth, but not in Jacobs. However, as to this land the title of Jacobs is not so apparent as to be sufficient to overthrow the division on what now appears. Jacobs bought in Laws' title last January after the proceedings commenced in this division. He was holder of part of this Cannon land, and this title of Laws is a mere dormant one, and therefore Jacobs should be considered a trustee for the other heirs; more especially as the freeholders went on this land the 12th October last, and the survey was made in the same month, and the division is dated in the same October, although probably not signed until after January. All this indicates something like an intention in Jacobs to frustrate this division by buying in and setting up a dormant title in January last. At the best, Jacobs should therefore be considered merely as a trustee for the other heirs and himself.

On account of this part of the tract called "Bite the Biter" being included in Jacobs share, and the other heirs receiving an equivalent there from this division, this division is not approved, and a review shall be ordered; and on the return the Court will examine both and will adopt such as shall be then approved.